**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROBERT JACKSON, | Case No. 2:21-cv-01772-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Stay Discovery (ECF No. 42). The Court reviewed Defendants' Motion, Plaintiff's Opposition (ECF No. 44), and Defendants' Reply. ECF No. 46.

**I.   Background**

This dispute arises out of Plaintiff's retaliation claims that survived screening. Defendants argue Plaintiff failed to exhaust his administrative remedies, which he must do before he may bring his retaliation claim to court. ECF No. 42 at 3-4. Defendants say Plaintiff's claims will be dismissed once the Court considers their Motion for Judgment on the Pleadings, which, in turn, supports staying discovery in this matter. *Id*. at 2. Plaintiff responds that Defendants filed a dispositive motion that can be decided without discovery. ECF No. 44 at 3. However, Plaintiff says he has exhausted all of his administrative remedies. *Id*. at 3-5. In its Reply, Defendants argue Plaintiff did not take administrative action—he failed to grieve—conduct engaged in by Corrections Officer Roop, which is alleged to have occurred on October 4, 2019. ECF No. 46 at 4. Defendants also contend that nowhere in Plaintiff's "disciplinary appear … [did] he mention his 2016 inadequate nutrition lawsuit." *Id*. Defendants demonstrate that certain discovery was completed in this matter, including Defendants' responses to Plaintiff's Requests for Production of Documents that were provided on June 8, 2023 and to which Plaintiff has not addressed as insufficient or incomplete. *Id*. at 5.

## II.     Discussion

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.*

When deciding whether to grant a discovery stay, courts are often guided by Rule 1 of the Federal Rules of Civil Procedure requiring the just, speedy, and inexpensive determination of every action. *Tradebay*, 278 F.R.D. at 602-03. Generally, a motion to stay discovery pending resolution of other motions may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a discovery stay bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, at *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, at *5 (D. Nev. Sept. 5, 2012)).

Here, there is no doubt that Defendants' pending Motion for Judgment on the Pleadings is potentially dispositive and that the Motion can be decided without additional discovery. The Court took a preliminary peek at the Motion for Judgment on the Pleadings and finds it likely to lead to dismissal of Plaintiff's remaining claims. Further, and importantly, the Court finds a short stay of discovery for purposes of allowing the Court to consider Defendants' dispositive motion serves the overriding policy stated in Rule 1 of the Federal Rules of Civil Procedure.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 42) is GRANTED.

IT IS FURTHER ORDERED that if the Court's Order regarding Defendants' Motion for Judgment on the Pleadings does **not** dispose of this case in its entirety, the parties **must** (1) meet and confer within **fourteen (14) days** of the date of that Order to discuss and prepare a revised discovery plan and scheduling order addressing all remaining discovery to be conducted, and (2) file a joint proposed discovery plan and scheduling order addressing the remaining discovery to be conducted no later than **thirty (30) days** of the Court's Order.

IT IS FURTHER ORDERED that Counsel for Defendants **must** initiate the process of setting up the call with Plaintiff for purposes of complying with the terms of this Order.

DATED this 24th day of October, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE