# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Robert Jackson,

    Plaintiff

v.

Nevada Department of Corrections, et al.,

    Defendant

Case No. 2:21-cv-01772-JAD-EJY

**Order Granting in Part Defendants' Motion for Judgment on the Pleadings or in the Alternative Early Summary Judgment and Denying Request for Oral Argument**

ECF Nos. 41, 48

Plaintiff Robert Jackson brings this civil-rights action under 42 U.S.C. § 1983, claiming that staff at Nevada's High Desert State Prison (HDSP) violated his First Amendment rights by retaliating against him for filing a 2016 lawsuit about the handling of his faith-based demand for a vegan diet and for filing a grievance in advance of a disciplinary hearing.[1] The Prison Litigation Reform Act requires a prisoner to exhaust his facility's grievance process before bringing a federal action over prison conditions,[2] and failure to exhaust is an affirmative defense.[3] The defendants move for judgment in their favor on the exhaustion defense, arguing

---

[1] ECF No. 6. These are Jackson's only claims remaining after two rounds of screening. *See* ECF Nos. 4 (order screening complaint), 6 (amended complaint), 8 (order screening amended complaint). *See also Jackson v. State of Nevada, et al.*, 2:16-cv-995-APG-NJK.

[2] *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).

[3] *Jones v. Bock*, 549 U.S. 199, 204 (2007). The defendants pled exhaustion as their thirteenth affirmative defense. *See* ECF No. 23 at 11.

that although Jackson's grievance history is rich, it is silent about the problems that underlie his First Amendment claims.[4] Jackson opposes the motion and requests oral argument.[5]

Because the motion turns on Jackson's grievance history, which both sides have extensively addressed in their papers, I find that this motion is suitable for resolution without oral argument[6] and thus deny Jackson's request for one.[7] I find that Jackson did not exhaust his administrative remedies for his claims against Nash or Wilson, so I dismiss those claims as unexhausted. But the defendants have not met their burden to establish their exhaustion affirmative defense as to Jackson's claims against Roop or Linford, so those claims proceed.

## Background

### A. The cauliflower incident

This case centers on the actions of HDSP Corrections Officers Richard Linford and John Roop in late 2019, but its roots reach back to 2016 when Jackson sued Associate Warden Jennifer Nash, Food Service Manager Duane Wilson, and others over the challenges he was experiencing with his request for a vegan diet commensurate with his religious customs.[8] Jackson alleges that Nash and Wilson attempted to defend that lawsuit by placing him under surveillance. Their goal was to undermine Jackson's religious-belief suit by showing that he was accepting non-vegan food items from other inmates.[9] Capitalizing on that "write-up bounty,"[10]

---

[4] ECF No. 41.

[5] ECF Nos. 43 (opposition), 48 (request for oral argument).

[6] See Local Rule 78-1.

[7] ECF No. 48.

[8] See ECF No. 104 in 2:16-cv-995-APG-NJK.

[9] ECF No. 6 at 4. Whether this qualifies as First Amendment retaliation is an issue beyond those raised in this narrow motion.

[10] Id. at 13–14.

and acting as Nash and Wilson's "hypervigilant [s]entin[e]l," Roop falsely charged Jackson with "compromising staff" after another inmate gave him some cauliflower on October 6, 2019, he contends.[11]

"This interaction" "ultimately led to" a disciplinary hearing presided over by Linford on December 20, 2019, whom Jackson alleges was "aware of" Nash's "call to action."[12] The night before that hearing, Jackson contends that he learned that Linford already planned to find him guilty, so he filed grievance # 2006-31-01426, asking for "a different and neutral official to conduct [the] upcoming disciplinary hearing."[13] That grievance was denied,[14] the hearing went forward, and Linford found Jackson guilty of compromising staff.[15]

Jackson challenged that finding with a "disciplinary appeal" the very next day[16]:



---

[11] *Id*. at 6–7, 14; ECF No. 41-2 at 8 (Roop write-up).
[12] *Id*. at 14.
[13] ECF No. 41-1 at 5 (cleaned up).
[14] *Id*. at 4.
[15] ECF No. 41-3 at 27.
[16] ECF No. 41-2 at 3.

3

In that filing # 2006-31-01746, Jackson alleged that Roop "falsely claimed I lied to him and used intimidation tactics to avoid a Notice of Charges."[17] He explained that Roop's charge was "unfounded because" the incident did not unfold as Roop claimed.[18] Jackson also complained of Linford's "biased hearing."[19] He stated that "only 1 of my 4 witnesses were allowed without explanation," and he recounted that he rebutted Linford's reasoning so Linford "got upset and settled on 'compromising' (with Max sanctions), stating per A.R. he only needs 'some evidence,' Roop's claim, and didn't have to 'weigh' my or my witnesses statements."[20] As for his requested remedy, Jackson stated, "I'd like the charges dismissed."[21]

Jackson won that appeal, Linford's ruling was reversed, and the sanctions were vacated[22]:

> Mr. Jackson, after a through review of your grievance, NOTIS and officers statments I see no evidence where you attempted to compromised staff. Therefore based on all the documentation, statements, review of administrative regulations and the officer's statement, I am reversing the decision of the Disciplinary Hearing Officer.
>
> Disciplinary Appeal:   Upheld
> Imposed Sanction:      Vacated

**B.    Jackson's First Amendment retaliation claims**

After two rounds of screening, Jackson was left with two First Amendment retaliation claims. The first targets Nash, Wilson, and Roop for the cauliflower incident. It theorizes that Roop, acting on Nash and Wilson's orders, filed a violation report against Jackson on October

---

[17] *Id*.
[18] *Id*. at 5–6.
[19] *Id*. at 6.
[20] *Id*.
[21] *Id*.
[22] ECF No. 41-2 at 2; ECF No. 41-3 at 27.

4

14, 2019,[23] in retaliation for his 2016 civil-rights lawsuit against Nash, Wilson, and others.[24] The second targets Linford. It theorizes that Linford found Jackson guilty of Roop's trumped-up charge in part as retaliation for Jackson's eve-of-hearing filing of "a grievance questioning [Linford's] ability to impartially preside over the hearing."[25]

### C. Defendants' exhaustion motion

The defendants bring a "Motion for Judgment on the Pleadings or in the Alternative Early Summary Judgment," asking me to "dismiss" Jackson's retaliation claims because he "did not exhaust his administrative remedies as contemplated by the PLRA."[26] But motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are generally confined to the four corners of the complaint,[27] and this alleged failure to exhaust is not apparent on the face of Jackson's.[28] So a motion for judgment on the pleadings is the wrong vehicle for the relief that defendants seek. Instead, and "[t]o the extent evidence in the record permits, the appropriate device" for resolving exhaustion challenges under the PLRA "is a motion for summary judgment under Rule 56."[29] So I construe the defendants' motion as one for summary judgment on their

---

[23] *See* ECF No. 43 at 19 (Roop's 10/14/19 notice of charges).

[24] ECF No. 8 at 10 (screening order).

[25] *Id.* at 11.

[26] ECF No. 41.

[27] *See Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (noting that motions filed under Rule 12(b) and Rule 12(c) are "functionally identical," so "the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog").

[28] *See* ECF No. 6 (amended complaint). The Supreme Court held in *Jones*, 549 U.S. at 216, that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."

[29] *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014).

exhaustion affirmative defense,[30] and I view all facts and draw all inferences in the light most favorable to Jackson as the nonmoving party.[31]

**Discussion**

**A.  To exhaust a claim under the PLRA, the inmate must describe the problem with enough detail for the prison to resolve it.**

Before a prisoner can file a federal lawsuit over something regarding his prison conditions, he must first exhaust the facility's grievance process.[32] "The Supreme Court has held that this exhaustion requirement demands 'proper' exhaustion. To 'properly' exhaust, a prisoner must" satisfy the prison's regulations.[33] The Nevada Department of Corrections' inmate-grievance procedures are found in Administrative Regulation 740.[34] They govern "addressable inmate claims" for "personal property, property damage, disciplinary appeals, personal injuries, and any other tort claim or civil rights claim relating to conditions of institutional life."[35] A.R. 740.03(1) requires an inmate to "state the action or remedy that will satisfy the claim in the grievance," but the regulations do not describe the level of detail required for exhausting the

---

[30] It appears that Jackson, who is a seasoned pro se litigant before this court, did the same because his opposition is rife with references to the summary-judgment standards. *See generally* ECF No. 43. To the extent that I grant summary judgment, it is because the undisputed record, which Jackson, too, attaches to his opposition, *see id.* at 14–31, demonstrates conclusively that Jackson did not grieve the actions of Nash or Wilson that form the basis for his claims against them here.

[31] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).

[32] 42 U.S.C. § 1997e(a).

[33] *Sapp v. Kimbrell*, 623 F. 3d 813, 821, 824 (9th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 84, 90–91 (2006)).

[34] ECF No. 41-4.

[35] A.R. 740.03(1) at ECF No. 41-4 at 4.

6

process.[36] The Ninth Circuit has held that "[w]here, as here, a prison's regulations are incomplete as to the factual specificity required in an inmate's grievance, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."[37] The failure to properly exhaust a claim "is an affirmative defense that the defendant must plead and prove in a PLRA case" like this one.[38]

**B.     Jackson did not exhaust his retaliation claims against Nash or Wilson.**

Applying these standards to the record in this case, I find that Jackson did not exhaust his claims against Nash or Wilson. His grievances are silent about the "write-up bounty" he believes these administrators put on his head,[39] which he believes motivated Roop, "acting as Nash and Wilson's hypervigilant [s]entin[e]l," to write Jackson up on false charges for the cauliflower incident.[40] In fact, Jackson didn't mention Nash or Wilson in a grievance related to these events at all. As Jackson's grievances would not have put the prison on notice of any wrong being committed by Nash or Wilson, his claim against these defendants is unexhausted so I dismiss it.

**C.     Defendants have not shown that Jackson's claim against Roop or Linford is unexhausted.**

I cannot conclude, however, that Jackson's claims against Roop or Linford were not properly exhausted. Jackson's "1st Disciplinary Appeal" lists seven enumerated reasons that Roop's "charge is unfounded."[41] Jackson does mention "retaliation." His reason # 2 states that

---

[36] *Id*.

[37] *Sapp*, 623 F. 3d at 824 (quoting *Griffin,* 557 F.3d at 1120) (internal quotation marks omitted) (cleaned up).

[38] *Albino*, 747 F.3d at 1176.

[39] ECF No. 6 at 13.

[40] *Id*. at 14.

[41] ECF No. 41-2 at 4.

"Roop admits he 'overheard' a conversation 'between inmates' that was not addressed to him, concerning me being retaliated against for trying to supplement my lack of calories with cauliflower (I'd only been served mashed potatoes, lettuce, and cucumber that night), an issue known to inmates familiar with my suit. (See Affidavit attached)."[42] That "affidavit" he references is a sworn statement from another inmate who states, "if Inmate Robert Jackson was written a notice of charges (N.O.C.) for something that didn't constitute an offense, would be retaliation in light of Inmate Robert Jackson's pending litigation against culinary and Nevada Department of Correction (N.O.C.) due to his inadequate vegan meals."[43]

While none of these submissions explicitly states that Jackson believed that Roop's actions were taken in retaliation for Jackson's lawsuit, he did explain the problem—Roop's aggressive confrontation over the cauliflower incident and unfounded write-up for "compromising staff."[44] As the Ninth Circuit explained in *Griffin v. Arpaio*, "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution."[45] Jackson sufficiently alerted prison officials to the problem with Roop to facilitate its resolution, so I cannot conclude that the defendants have shown that Jackson failed to exhaust his administrative remedies for his retaliation claim against Roop.

---

[42] *Id*. at 5.

[43] *Id*. at 15, ¶ 13.

[44] *Id*. at 5  And as Jackson notes in his opposition, the prison's grievance regulations put him in a Catch-22 situation: the retaliation he "complained of could not be grieved before the disciplinary appeal, as there was no 'addressable grievance' before [he] was found guilty on Roop's retaliatory write-up, and it could not be grieved after being raised in the disciplinary appeal without being rejected as an 'abuse of the grievance process'" because he already had that appeal pending. ECF No. 43 at 8.

[45] *Griffin*, 557 F.3d at 1120.

That Jackson alerted prison officials to Linford's alleged retaliation is even more clear. In grievance #2006-31-01426, Jackson raised his concern that Linford told him the night before the disciplinary hearing that Linford was going to find Jackson guilty.[46] He described the encounter in detail and reported, "I'm concerned this hearing may come down as a form of retaliation."[47] The prison responded to this grievance, "You can't assume how hearing will occur prior to hearing."[48] Jackson responded in a next-level grievance, "I did not 'assume' how the hearing would occur, I requested a neutral officer after Sgt. Linford 'told me' how the hearing would go. Linford told me he was finding me guilty days before the hearing was conducted. This is not an 'assumption' this is a 'fact.'"[49] And in his disciplinary appeal from Linford's (as-promised) guilty finding, Jackson complained of a "biased hearing."[50] While it does not appear that this alleged retaliation was investigated by the prison administration, Jackson's appeal was successful, and Linford's decision was nevertheless reversed.[51] So I find that the defendants have not shown that Jackson failed to exhaust his administrative remedies for his retaliation claim against Linford.

## Conclusion

IT IS THEREFORE ORDERED that the Defendants' Motion for Judgment on the Pleadings or in the Alternative Early Summary Judgment **[ECF No. 41] is GRANTED in part and DENIED in part**: Jackson's claims against Defendants **Jennifer Nash and Duane Wilson**

---

[46] ECF No. 41-1 at 4.
[47] *Id*. at 5.
[48] *Id*. at 4, 13.
[49] *Id*. at 9.
[50] *Id*. at 6.
[51] ECF No. 41-2 at 2.

**are DISMISSED** for failure to exhaust administrative remedies; his claims against Defendants John Roop and Richard Linford proceed.  IT IS FURTHER ORDERED that the plaintiff's motion for oral argument **[48] is DENIED.**  The parties are directed to review the magistrate judge's order at ECF No. 47 regarding next steps.

_____
U.S. District Judge Jennifer A. Dorsey
July 24, 2024