UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　Defendants. | Case No. 2:21-cv-01772-JAD-EJY<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's Motion to Extend Time to File Motion for Summary Judgment. ECF No. 73. The Court reviewed the Motion and notes its substantial familiarity with discovery issues in this case.

　　　　On March 17, 2025, Plaintiff filed a motion seeking to reopen discovery based on his misunderstanding of the Court's Order extending the discovery period to February 19, 2025. ECF Nos. 53, 58. Despite opposition, and following a lengthy hearing, the Court granted Plaintiff's motion, in part, requiring Defendants Roop and Linford to respond to Interrogatories and Requests for Admissions. ECF No. 70. The Court also ordered Defendants to produce a subset of documents pertaining to specific events at issue in this case. *Id.* Defendants complied with this Order. ECF No. 75 at 2. *See also* ECF No. 73 at 2. While Plaintiff subsequently sought additional documents, Defendants explained to Plaintiff that no additional responsive documents exist. ECF No. 73 at 95. Parties are not in violation of a court order to produce documents when responsive documents do not exist. *Howard v. Hedgpeth*, Case No. 08cv0859-RTB (PCL), 2010 WL 5422580, at \*3 (E.D. Cal. Dec. 21, 2020) ("Defendants have complied with Plaintiff's request because they cannot possibly produce … documents which they do not have.").

　　　　Further, the Court's review of the hearing addressing Plaintiff's prior motion to reopen discovery shows there was careful consideration of each discovery requests then at issue. ECF No. 70 (recording reviewed). The Court ordered Defendants to respond to specific discovery as

Plaintiff's misunderstanding was excusable and the information sought was relevant and proportional to the needs of the case..

Notwithstanding the foregoing, Plaintiff complains that Defendant Linford should be compelled to respond to Interrogatory No. 6, to which an objection was made and no response given. ECF No. 73 at 3. This Interrogatory asks Linford to explain why he moved from employment at High Desert State Prison to employment at Southern Nevada Detention Center. *Id*. at 64. The Court sustains Defendant Linford's objection. There is nothing offered by Plaintiff supporting the relevance of the information sought and the requested information is not proportionate to the needs of the case.

With respect to Plaintiff's dissatisfaction with Defendant Roop's responses to the Interrogatories numbered 3, 4, and 5, and Request for Admissions numbered 4 and 5, Plaintiff's instant Motion seeking further responses is denied. A review of Roop's Interrogatory responses shows they are thorough. ECF No. 73 at 81-82. There is nothing evasive or incomplete about the information provided. *Id*. The responses to Plaintiff's Requests for Admissions are also complete. *Id*. at 89-90. Plaintiff's desire for more or different information is not a basis to grant a request to compel. *Hammler v. Clark*, Case No. 1:19-cv-00313-AWI-SAB, 2020 WL 8483914, at *4 (E.D. Cal. Dec. 11, 2020) (a party is not entitled to continue to demand additional or different evidence in support of discovery responses) (internal citations omitted).

Under Federal Rule of Civil Procedure 26(b) district courts are encouraged to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse, and to actively manage discovery to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Roberts v. Clark County School District*, 312 F.R.D. 594, 601-04 (D. Nev. 2016). Plaintiff was provided a thorough opportunity to conduct discovery in this case and Defendants have given complete answers to the requests propounded. Reopening discovery is unwarranted and counter to the just, speedy, and inexpensive determination of this case.

The Court notes that Defendants do not object to Plaintiff's request for an extension of time to file a motion for summary judgment. ECF No. 75 at 3.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Time to File Motion for Summary Judgment (ECF No. 73) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that to the extent Plaintiff's Motion seeks to compel Defendants Roop and Linford to supplement responses to discovery requests, the Motion is denied.

IT IS FURTHER ORDERED that Plaintiff's request to extend the time to file a motion for summary judgment is granted *nunc pro tunc*. Given that Plaintiff filed his Motion for Summary Judgment on July 7, 2025 (ECF No. 76), Defendants' response is due no later than **August 8, 2025**. Plaintiff's reply in support of summary judgment is due no later than **September 8, 2025**.

Dated this 8th day of July, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE